# APRIL, 1922.

## Tom Winn v. The State.

### No. 6747.   Decided April 12, 1922.

Murder—Self-Defense—Charge of Court.

Where, upon trial of murder, the evidence shows threats and the words and conduct of deceased were such as would demand a charge on self-defense, failure to do so, although duly requested, was reversible error.

Appeal from the District Court of Stephens.   Tried below before the Honorable C. O. Hamlin.

Appeal from a conviction of murder; penalty, fourteen years imprisonment in the penitentiary.

*J. R. Garnand* and *L. H. Welch,* and *Nat L. Hardy* and *R. R. Smith,* for appellant.—Cited Long v. State, 10 Texas Crim. App., 186; Jones v. State, 216 S. W. Rep., 884; Franklin v. State, 34 Texas Crim. Rep., 286; Hjeronimous v. State, 46 id., 160.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The appeal is from a judgment condemning the appellant to confinement in the penitentiary for a period of fourteen years for the offense of murder. The appellant shot and killed Jack Sloan.

The refusal of the judge to instruct the jury upon the law of self-defense is the only legal question which calls for a review; and we make only such statement of the evidence as is necessary to determine whether the issue of self-defense was raised.

The appellant was indebted to the deceased in the sum of sixty dollars. The deceased had, on several occasions prior to the homicide, demanded the payment of the money and had assumed a hostile attitude toward the appellant by reason of its non-payment. He stated upon several occasions that he would "beat the hell out of him if he didn't pay it," and had stated to the appellant, as shown by one of the witnesses, that unless he paid it upon the following day, the appellant would be killed. Appellant had told one of the State's witnesses on the day of the homicide that he was fearful of trouble with the deceased and that he was going to kill him if he was attacked. Appellant at the time was in his room in which he had a pistol, and he further said that he was not going to have trouble with the deceased if he could avoid it.

There were no eyewitnesses who testified to the entire transaction. The State's witness Korte was in the room where the homicide occurred a few moments before the fatal shot was fired. The deceased and the appellant were in conversation. The deceased was demanding his money and insistent upon its payment. Appellant told him he would pay it that afternoon, if possible. The deceased said: "You get it or I will whip you." Appellant got up and got his gun from under the mattress. Then the witness said: "I left in a hurry and went out the back door. After I had gone about thirty or forty feet, I heard a shot. I then saw the deceased come out the door, and he said to Mrs. Ligon that he was shot through the heart." The witness said that the appellant grabbed a gun and the deceased grabbed a lantern. Quoting from the witness, he said:. "Winn grabbed a gun and Sloan grabbed a lantern. It was a railroad lantern. He had just reached down for it when I left. He had not went after the lantern yet when he said he would whip him. He reached for the lantern when Tom reached for the gun. The lantern was heavy and weighed about four or five pounds."

Under this evidence, the court was not warranted in refusing to charge on the law of self-defense. Taking the threats into account, the words and conduct of deceased were such as demanded the submission of the issue.

The special charge requested by the appellant at the time of the trial was not accurate, but sufficient, we think, to render it incumbent upon the court to submit the issue to the jury.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*