Robert Baines v. The State.

No. 8390.   Decided June 4, 1924.

Rehearing denied June 27, 1924.

Murder—Manslaughter—Self-Defense.

Where, upon trial of murder, and a conviction of manslaughter, the court instructed the jury on the law of murder and manslaughter, but refused to charge on the law of self-defense, although the evidence raised the issue, and the defense requested a charge on self-defense, the same is reversible error. Following: Winn v. State, 91 Txas Crim. Rep., 455, and other cases.

 Appeal from the Criminal District Court of Harris. Tried below before the Honorable C. W. Robinson.

 Appeal from a conviction of manslaughter; penalty, five years imprisonment in the penitentiary.

 The opinion states the case.

 *Fred L. Perkins* and *H. Rob Keeble*, for appellant.—On question of court's refusal to charge on self-defense: Collins v. State, 227 S. W. Rep., 189, and cases cited in opinion.

 *Tom Garrard,* Attorney for the State and *Grover C. Morris,* Assistant Attorney for the State.

MORROW, PRESIDING JUDGE.—Under an indictment for murder, appellant was convicted of manslaughter, and his punishment fixed at confinement in the penitentiary for a period of five years.

The State's testimony may be thus summarized: On the day upon which the homicide occurred, the deceased made inquiry of the witness Addie Brown touching the whereabouts of the appellant and stated that he was looking for him for the purpose of whipping him. This occurred in the afternoon. In the evening, appellant stopped his wagon near the restaurant of the witness Matthews and went on an errand to another part of the town. During his absence the deceased entered the restaurant and made inquiry for the appellant, stating that he had told the appellant that if he ever heard of him talking to the deceased's old lady, he was going to kill him. The witness Addie Brown informed the appellant of her conversation with the deceased. After entering the restaurant, appellant asked the deceased if he wanted to see him. Deceased said he did and told the appellant to come outside. Appellant started, but after deceased had gone through the screen door, appellant said he would go no farther; that deceased could tell him from that place what he wanted with him. Deceased said that if appellant wanted him to come back in and tell him, he could "damn sure do it." He did return and struck the appellant with his fist. Matthews forced the deceased out the screen door and immediately thereafter noticed a pistol in the hand of the appellant and called the deceased's attention to it, when he said that he "didn't give a damn." About that time the pistol fired and deceased ran. Appellant went to the door and fired two more shots. One shot took effect upon the front person of the deceased. The State's witnesses noticed no demonstration made by the deceased before the shots were fired.

The reputation of the deceased as a violent man was bad; that of the appellant as an inoffensive man was good. The deceased was a larger and heavier man than the appellant.

In substance, the appellant's testimony is this: He had started home in a wagon and stopped his team at the restaurant of Matthews. He went elsewhere to get some papers, and when he came back after his wagon, he met Addie Brown, who told him that there was a man in the restaurant who said that he was going to whip him. Appellant went into the restaurant and inquired for his wagon, and was told that his wife had sent for it. At the time he entered, he did not know that the deceased was there, but upon seeing him, he asked him what he wanted. Appellant described the occurrence in language substantially the same as that of the State's witness and stated that when the deceased came into the room, he hit the appellant twice and knocked him down, blackened his eye, broke his lip and made it bleed; that this caused him pain. Matthews shoved the deceased outdoors and appellant saw him starting back with some shining object in his

hand, which he thought was a knife, and believing that his life was in danger, he fired. Appellant had heard of previous difficulties in which the deceased had engaged and knew that he carried a knife. He had never had any difficulty or cross words with the deceased and he had no reason to shoot him except in order to protect himself. Appellant said that he was very much excited at the time of the occurrence; that he had never had relations of any kind with the wife of the deceased, nor had he given him any cause for animosity. Appellant admitted on cross-examination that he had made a statement in which he said that deceased had told him not to let him catch him with a woman, whom he named, but not the wife of deceased; that deceased would "romp" on him if he ever caught him with this woman.

The court instructed the jury on the law of murder and manslaughter, but refused to charge on the law of self-defense. The verdict was for manslaughter, and the penalty was assessed at confinement in the penitentiary for a period of five years. The failure and refusal to charge on self-defense was raised by exception and by the special charge which was refused. In refusing to instruct on the law of self-defense, it is believed that the learned trial judge fell into error. See Winn v. State, 91 Texas Crim. Rep., 455, 239 S. W. Rep., 947; Branch's Crim. Law, Sec. 445; Jones v. State, 17 Texas Crim. App., 602.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

ON REHEARING.

June 27, 1924.

HAWKINS, JUDGE.—The State has filed a motion for rehearing in which it is insisted that we were in error in holding that the issue of self-defense was raised, and that the lower court should have permitted the jury to pass thereon under appropriate instructions. If this issue was raised by any testimony in the case it was the duty of the court to permit the jury to pass upon it. We have again examined the statement of facts and are confirmed in our views that appellant's testimony clearly raised the issue. It is not for us to say whether the evidence was true or false, but it was for the jury to pass upon that issue and they should not have been deprived of the right to do so.

The motion for rehearing is overruled.

*Overruled.*